[No. 6350.]

# R. S. JOHNSON v. GEORGE PERRY.

LIEN ON LIVE-STOCK.—The Act of April 4th, 1870, "to secure a lien on live-stock kept, fed, or pastured by ranchmen and stable-keepers," was not repealed by the Codes.

JUDGMENT—FINDINGS.—A judgment will not be reversed for a failure to find upon certain issues in the cause, if a finding upon all the issues would not require a different judgment.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

Replevin for two mares, a buggy, harness, and pole, taken by defendant March 6th, 1877.

The opinion states the material facts.

The plaintiff had judgment, and defendant appealed.

*F. T. Baldwin* and *J. C. Campbell*, for Appellant.

1. The Codes do not continue in force the Act of April 4th, 1870, " to secure a lien on live-stock," etc., and therefore it is repealed.

If a lien is preserved to livery-stable keepers, it is by virtue of some provisions of the Codes or Statute; and the only provision in force prior to March 29th, 1878, is sec. 3051 of the Civil Code, and that, we contend, does not embrace livery-stable keepers.   That section only refers to persons who render serv-

C

ices by labor or skill, and refers evidently to mechanics and artisans. By amendment to sec. 3051, livery, boarding, and feed-stable proprietors were added. (See p. 89, Amendment to the Codes, 1877–8.) We submit the judgment is not the legal conclusion from the facts found.

2. Appellant's counsel also ask the reversal of the judgment on the ground that the Court did not find on all the material issues in the case. There is no finding that defendant was a duly qualified and acting Constable of the City of Stockton Township at the times mentioned in plaintiff's complaint. There is no finding as to the indebtedness of S. G. S. Dunbar to J. A. McCloud, the commencement of the suit in the Justice's Court, and the steps taken to procure judgment. There is no finding as to the entry of judgment in that action, and the issuance of the execution to enforce the judgment recovered by McCloud against Dunbar, and the levy of the execution by defendant, as Constable, upon the property in controversy, and his possession by virtue of said acts.

There is no finding that plaintiff had a lien on the property, or was entitled to its possession. There is no finding as to the property having been taken from the possession of defendant (appellant) by the Sheriff of San Joaquin County, and that the plaintiff (respondent) withholds the possession of the property from defendant (appellant).

These are material issues.

*Terry & McKinne*, for Respondent.

1. The plaintiff, as proprietor of the livery stable, was entitled to a lien upon the property for the payment of Dunbar's indebtedness to him. The Act of April 4th, 1870, has never been repealed, and is still in force. (*Needham* v. *Thresher*, 49 Cal. 393.)

2. A finding upon all the issues would not require a reversal, and therefore the failure to find upon some of the issues is immaterial.

By the Court, RHODES, J.:

It appears from the findings that there was due to the plaintiff, as the proprietor of a livery-stable, two hundred and ninety-one dollars and twenty-five cents, for the care, keeping, and feed of the horses, and for the safe-keeping of the other property mentioned in the complaint, under contract with Dunbar, the owner of all of said property; that while he was in possession of, and keeping and taking care of the property, the defendant took the same from the possession of the plaintiff, and that the plaintiff notified the defendant of this lien upon the property, for the said indebtedness of Dunbar. The defendant justifies under an attachment, issued to him as a constable, in an action instituted by McCloud against Dunbar before a Justice of the Peace, and a judgment rendered by such Justice of the Peace in said action against Dunbar, and an execution issued upon the judgment.

If the plaintiff held a lien upon the property as the proprietor of a livery stable, the defendant was not justified in taking the property from his possession. (*Treadwell* v. *Davis*, 34 Cal. 601.) The Act of April 4th, 1870, (Statutes 1869–70, p. 723) gives to the "proprietors of stables and ranches or farms" a lien upon "all live-stock pastured, kept, or fed by them, under contract with the owners thereof," for the amount due for the care and feed of such live-stock; and authorizes them to recover and hold possession of such live-stock until the amount of such lien shall be paid. The Civil Code contains no provision expressly giving such lien to livery-stable keepers; and unless sec. 3051 of the Civil Code is to be construed as extending to such cases, the above mentioned Act of April 4th, 1870, remains in force, because not repealed by the Codes. That section seems to be limited to a lien for the compensation due for "*labor or skill* employed for the protection, improvement, safe-keeping, or carriage" of personal property lawfully in his possession, but does not extend to the expenses of "feed or pasturage" of animals. We are, therefore, of the opinion that the Act of April 4th, 1870, was not repealed by the Codes, and that the

plaintiff held a lien upon the property in controversy, under the provisions of that Act.*

The Court failed to find the facts in respect to the proceedings and attachment under which the defendant justified the seizure of the property. It is proper that the Court should find upon all the issues in a cause, but if the same judgment would be rendered upon a finding upon all the issues, as is required upon the facts as found, the omission to find upon a part of the issues is not an error of which either party can complain.

Judgment and order affirmed.

---

* Sec. 3051 of the Civil Code was amended in 1878, (Amendments 1877-8, p. 89) so as to give liens to proprietors of stables, and to others for the care and feeding of horses and live-stock.—REPORTER.