[L. A. No. 553. Department One.—August 19, 1899.]

# JOHN STEWART, Respondent, v. LOUISE NAUD, Appellant.

WAREHOUSE—SALE OF STORED GOODS FOR CHARGES—ACTUAL NOTICE TO OWNER ESSENTIAL.—Under the statutes of this state, a sale of goods stored in a warehouse, to satisfy the lien of the warehouseman for unpaid storage charges, if the goods are other than perishable property, baggage or luggage, can only be made at auction after such actual notice to the owner of the time and place of sale, and notice to the public usual at the place of sale, as is required in the case of the sale of pledged property, or upon foreclosure of the right of redemption by a judicial sale under the direction of a competent court.

ID.—SALE OF HOUSEHOLD GOODS—CONVERSION.—Upon the sale of stored household goods by a warehouseman to pay storage charges thereon, without actual notice to the owner, the warehouseman is liable to the owner for conversion of the goods.

ID.—NEGLIGENCE OF WAREHOUSEMAN—IGNORANCE OF OWNER'S ADDRESS.—The negligence of the agent in charge of the warehouse in not having noted the address of the owner of the goods on the warehouse books, as requested, was the negligence of the

warehouseman; and the resulting ignorance of his address cannot excuse the want of actual notice to him of the time and place of sale.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The household goods in controversy were sold at auction by the defendant for seventy-five dollars, to pay storage charges of nineteen dollars and fifty cents. The plaintiff recovered six hundred dollars, with interest and costs, for the conversion thereof.

Further facts are stated in the opinion.

P. W. Dooner, for Appellant.

McLachlan, Cohrs & Landt, for Respondent.

HAYNES, C.—Defendant conducted the business of a warehouseman in the city of Los Angeles. Some time prior to August 9, 1895, the plaintiff stored in defendant's warehouse fourteen boxes described as containing household goods, which, as shown by the testimony of the plaintiff, were packed in April, 1892, in Canada, and shipped to Los Angeles. In July, 1895, plaintiff paid the freight charges and storage up to August 9, 1895, and defendant gave him a warehouse receipt for said goods bearing said date, in which the subsequent storage charges were fixed at one dollar and fifty cents per month. On September 1, 1896, no part of the storage dues accruing after August 9, 1895, having been paid, the defendant sold said fourteen packages to pay said storage charges.

This action is for the conversion of said goods by the defendant. It was tried by the court without a jury, the findings and judgment were for the plaintiff, and defendant appeals from the judgment and from an order denying a new trial.

Many questions are discussed by counsel; but the more important are as to the sufficiency of the notice of sale, and whether the conditions existed which justified or authorized a sale.

Touching the notice of sale the answer alleged: "That prior to said sale she caused due and sufficient notice thereof to be

published daily in the Los Angeles 'Herald,' a daily newspaper of general circulation, printed and published in Los Angeles city aforesaid, for ten consecutive days next before said day of sale, and caused a copy of said notice to be posted for the same period in a conspicuous place at the auction room of Thomas B. Clark (a duly licensed auctioneer, by whom said sale was made and conducted), at a room 232 West First street, in Los Angeles city, and a further copy of said notice to be posted for the same period in a conspicuous place in the said warehouse." There was no allegation of notice to the plaintiff.

There was evidence tending to show that about the 5th of August the defendant's bookkeeper wrote a letter to the plaintiff, informing him that his goods would be sold on the 1st of September, unless the storage charges were paid prior to the sale, which letter was addressed to the plaintiff at "Los Angeles City," that he had no exact information as to his residence, and that the letter was never returned; while on the part of the plaintiff the evidence was to the effect that it was never received, and that the city directory showed that there were several persons in the city having the same name as the plaintiff.

The plaintiff testified, in substance, that Hopkins, who was in charge of the warehouse at the time the goods were stored therein (and up to the end of July, 1896, at which time the defendant took personal charge of the business), knew the residence of plaintiff and had been at his house after the goods were stored, and had been requested by plaintiff to enter his address on the warehouse books, but this was not done. Hopkins was not a witness, and this testimony was not rebutted.

The court found that "the defendant sold all of said property in the manner and after notice as alleged in the answer, without the knowledge or consent of the plaintiff, and wrongfully converted the same to her own use."

At common law, a warehouseman had a lien for storage charges, but such lien conferred no right to sell the property to which the lien attached, but only to hold it until his charges were paid. (Jones on Liens, sec. 676.) Such common-law liens were enforced by obtaining judgment for the charges and levying an execution upon the goods. In most of the states, however, a remedy by sale is provided by statute, though only in a

few states are there any statutes expressly enacted for the purpose of providing a remedy for the enforcement of a warehouseman's lien, while in other states there are statutes applicable to the enforcement of all common-law liens. In this state, section 1856 of the Civil Code, added in 1891 (Stats. 1891, p. 470) reads as follows: "A depositary for hire has a lien for storage charges, which is regulated by the title on liens."

At the same time section 1857 was added to the same code, as follows: "If, from any cause other than want of ordinary care and diligence on his part, a depositary for hire is unable to deliver perishable property, baggage, or luggage received by him for storage, or to collect his charges due for storage thereon, he may cause such property to be sold in open market to satisfy his lien for storage; provided, that no property except perishable property shall be sold, under the provisions of this section, upon which storage charges shall not be due and unpaid for one year at the time of such sale"; and the act repealed all acts and parts of acts in conflict with its provisions.

The section of the Civil Code last above quoted is the only one expressly relating to sales of stored property for the payment of charges found in the article relating to storage, while the first of said new sections declares that the lien of the depositary for hire is "regulated by the title on liens."

Section 1857, however, has no application to this case. It applies only to perishable goods, and baggage or luggage, and the court found, upon sufficient evidence, that the goods in question did not belong to either of these classes. It is, therefore, not necessary to consider or decide what construction should be given to that clause relating to the length of time the charges for storage must be due and unpaid to authorize a sale under its provisions.

Turning to the title on liens, we find that: "A pledgee, or pledgeholder for reward, assumes the duties and liabilities of a depositary for reward" (Civ. Code, sec. 2887); and "a gratuitous pledgeholder assumes the duties and liabilities of a gratuitous depositary." (Civ. Code, sec. 2998.) These sections, as well as the general similarity between pledgeholders and depositaries, would seem to make the provisions relating to the sale of pledged property appropriate to the sale of property by a depositary for

hire in the absence of special provisions relating to the latter. The provisions of the Civil Code relating to the sale of pledged property are sections 3000 to 3011; and they require a sale by auction upon notice to the public usual at the place of sale, and "actual notice to the pledgor of the time and place of sale, at which the property pledged will be sold, at such reasonable time before the sale as will enable the pledgor to attend"; or the "pledgee may foreclose the right of redemption by a judicial sale under the direction of a competent court."

The negligence of Hopkins, who was in charge of defendant's warehouse, in not noting plaintiff's address, as requested, was the negligence of defendant; and the defendant's want of knowledge of the residence of plaintiff could not, under these circumstances, if at all, excuse the want of actual notice to him of the time and place of sale.

I advise that the judgment and order appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.

Hearing in Bank denied.