MARY STODDARD vs. CHARLES H. CROCKER.

Cumberland.    Opinion November 16, 1905:

*Warehouseman.    Lien for Storage.    Sale to Enforce Same.    Statutes.*
*Repeal by Implication.    Stat. 1897, c. 304.    R. S. (1883),*
*c. 31, § 8; c. 91, § § 48–56.    R. S. 1903, c. 33,*
*§ 10; c. 93, § § 67-75.*

1.  April 10, 1902, the plaintiff deposited with the defendant, a public ware-houseman, a quantity of household goods. Storage being unpaid, the defendant on May 28, 1904, filed his petition in the Municipal Court of Portland for process of sale, under the provisions of chapter 91, sections 48-56, R. S. 1883, which are the same provisions contained in chapter 93, sections 67-75, R. S. 1903. The defendant obtained the order and sold the goods.

2.  Chapter 304 of the laws of 1897, re-enacted in the revision of 1903, added a new section to chapter 31, R. S. 1883, relating to warehousemen, by which a public warehouseman having goods in store for one year after the expiration of the time for which the charges had been paid, was authorized to sell the goods subject to the conditions named therein.

3.  *Held:* that this provision is the exclusive and only one under which the goods could have been legally sold, and that the proceedings under the statute R. S. 1883, chapter 91, sections 48-56, were unauthorized and the sale illegal.

On report.    Judgment for plaintiff. ·

Trover for the conversion of a quantity of household goods deposited with the defendant for storage. The storage being unpaid, the defendant, by virtue of process issued by the Municipal Court of Portland, sold these goods for the purpose of enforcing his storage lien thereon as a warehouseman. Thereupon the plaintiff brought this action of trover in the Superior Court, Cumberland County. Plea, the general issue. The matter was heard in said court at the February term thereof, 1905. After the evidence was closed, the parties agreed that the case should be reported to the Law Court for determination, with the stipulation that "if decision is for ·the plaintiff, damages to be assessed at one hundred dollars."

The material facts are sufficiently stated in the opinion.

*Dennis A. Meaher*, for plaintiff.

*George H. Allan,* for defendant.

SITTING:   EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

STROUT, J.   Defendant on April 10, 1902, was a public warehouseman, as defined by R. S. of 1883, c. 31, § 8.   On that day John P. Stoddard, husband of plaintiff, deposited with defendant a quantity of household goods for storage.   They were deposited in the husband's name, with the consent of plaintiff, but defendant had no knowledge that plaintiff was the owner.   Consequently defendant was justified in dealing with them as the property of John P. Stoddard.   Plaintiff and her husband shortly thereafter left the state and resided in Massachusetts a while, and then went to St. Andrews, New Brunswick, and did not return to this state till the last week in September, 1904.   No storage had been paid.   Meantime the goods remained in defendant's warehouse until the eighth day of August, 1904, when they were sold under process issued from the Municipal Court of Portland, upon petition therefor by the defendant filed May 28, 1904.   This proceeding for sale was taken under the provisions of c. 91, § § 48 and 56, R. S. of 1883, which are the same provisions as are contained in R. S. of 1903, c. 93, § § 67 and 75.

As warehouseman, defendant had a lien at common law upon the goods for storage, but in the absence of a statute he had no right to sell them, but only a right to hold them till the charges were paid. Jones on Liens, § 976; *Mulliner* v. *Florence*, 3 Q. B. Division, 489; *Jones* v. *Pearle*, 1 Strange, 556.

The statute as to warehousemen, c. 31, R. S. of 1883, made no provision for sale.   But c. 91, of the same revision, did provide for a sale in a variety of cases when the claimant had a lien, and that statute was broad enough to include a warehouseman's lien upon goods in storage.

Chap. 304 of the laws of 1897, re-enacted in the Revision of 1903, c. 33, § 10, added a new section to c. 31 of R. S. of 1883, by which a public warehouseman having goods in store for one year after the expiration of the time for which the charges had been paid, was authorized to sell the goods, subject to the conditions named therein.

This provision applies only to the lien of a warehouseman. Other liens fall under the general statute,—c. 91, R. S. of 1883, and c. 93, R. S. of 1903.

The question arises whether this special provision for this class of liens is a substitution for the general provision as to liens, and is the exclusive remedy by way of sale, or whether it is merely cumulative, affording a double remedy at the option of the warehouseman.

Under the general statute the process may be commenced at any time, when anything is due for storage. Under this it cannot be commenced till after one year of unpaid charges.

Under the general statute, if the owner is a resident of the state, the petition may be filed and notice served fourteen days before court, and if owner is unknown, or not a resident of the state, the court may order "reasonable notice of at least fourteen days" by personal service, "or by publication in a newspaper, or both as the court directs," but it is not required that the newspaper shall be published in the city or town where the warehouse is, or even in the county. In the statute of 1897, the notice, where no address of the depositor has been given, must be given by publication thirty days before the time of sale, in a newspaper published in the city or town where the warehouse is,—if no such paper, then in one published in the county. The notice must contain a brief description of the property, with such marks thereon as may serve to identify it, if it had such marks, and give the name of the person depositing the articles, and of the owner, if known, and specify the time after said thirty days and the place of sale, which must be in the city or town where the merchandise is. In that statute a demand by "registered letter directed to the person who shall have deposited such goods" was necessary, if the depositor's address had been left with the warehouseman, and the thirty days notice was to be given after such demand; but if the address had not been given, the demand was dispensed with. In this case Mr. Stoddard said he left his address with defendant's book-keeper, but she emphatically denied it. No similar provision is contained in the general statute relating to liens.

It is said in *United States* v. *Claflin*, 97 U. S. 552, that it is "necessary to the implication of a repeal (of a prior statute) that the objects

of the two statutes are the same, in the absence of any repealing clause." Here the object of the statute of 1897 was to afford a right of sale of the warehoused goods for non-payment of storage, but the rights of the depositor were much more carefully guarded than in the other general statute. Presumably knowing the existing statute, the Legislature deemed it wise to make this new provision applicable only to warehousemen, and must have intended that it should be the exclusive method of obtaining a sale of the goods. Otherwise there was no occasion for its passage. If the two remedies are to co-exist, that provided for in the act of 1897 would probably never be used, as it requires more of the warehouseman than the general statute. It made the right of sale absolutely dependent upon the conditions named in the act, and so negatived any right of sale in any other method. The two provisions are repugnant to each other.

The inference is irresistible that the Legislature intended to repeal the general and prior statute so far as it applied to warehousemen, and substitute in its place the method prescribed in the act of 1897. *Bassett* v. *Carleton*, 32 Maine, 553; *Sudbury Meadows* v. *Middlesex Canal*, 23 Pick. 47; *Starbird* v. *Brown*, 84 Maine, 240.

It follows that the proceedings in the Municipal Court to obtain an order of sale were unauthorized and do not conclude the plaintiff. The sale by defendant of the goods was a conversion, even if no demand had been made by the plaintiff, as there was.

The plaintiff as owner may maintain the action, notwithstanding the deposit was made in her husband's name.

The parties have agreed that if judgment is for plaintiff the damages are to be assessed at one hundred dollars.

*Judgment for plaintiff for one hundred dollars and interest from the date of the writ.*