[Civ. No. 539.   Second Appellate District.—November 25, 1908.]

## ELIAS A. SHEDOUDY, Respondent, v. SPRECKELS BROTHERS COMMERCIAL COMPANY, Appellant.

Warehousemen—Sale of Unclaimed Property for Charges—Construction of Code—Violation of Express Contract—Liability for Value.—Sections 3152 and 3153 of the Political Code, authorizing the sale of unclaimed property for charges of a warehouseman, if not called for by the owner within sixty days, apply only when the contract for storage is implied by law, the mere knowledge of the name of the owner by the warehouseman not affecting the right of sale. But those sections are inapplicable when there is an express contract by the warehouseman to keep the goods on storage at a fixed rate until called for by the owner; and a sale made thereunder in violation of such contract renders the warehouseman liable to the owner for the value of the goods sold.

Id.—Finding Conclusive as to Express Contract.—A finding as to an express contract, whereby the defendant agreed to hold and warehouse the goods for and on behalf of the plaintiff and deliver them to plaintiff's order, which is sustained by the evidence, is conclusive upon appeal that there was such express contract.

Id.—Negligence of Defendant—Failure to Note Contract.—The failure of the defendant to keep a note of the contract delivered to the plaintiff, or to recollect the agreement made, was the negligence of the defendant.

Id.—Depositary for Hire—Lien for Charges—Sale upon Notice—Foreclosure.—From the date of the agreement the defendant became a depositary for hire under section 1856 of the Civil Code, and its lien for storage charges was regulated by the title on liens. To render a sale therefor valid, notice to the owner was necessary, if not waived; otherwise, a foreclosure of the lien by a sale under the direction of the court was necessary.

Id.—Time for Holding not Specified—Reasonable Time—Minimum Limit—Finding Sustained.—The time for holding the goods not being specified, the plaintiff was entitled to have them held a reasonable time, which, by analogy to the case of perishable goods fixed at one year in section 1857 of the Civil Code, seems to be a minimum limit. Six months cannot be held a reasonable time, as matter of law; and a finding that the goods sold in that time were sold within an unreasonably short time, being of an inference of fact from the evidence, will not be disturbed.

Id.—Admissibility of Evidence—Market Value of Goods Sold—Card Containing Memoranda of Contract.—Evidence was admissible to

show the market value of the goods sold by persons qualified to testify thereto; and a card held by the plaintiff containing the memoranda of the contract written thereupon by defendant's representative was properly admitted in evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

E. W. Camp, A. H. Van Cott, and U. T. Clotfelter, for Appellant.

Conkling, Bretherton & Young, for Respondent.

TAGGART, J.—Appeal from judgment in favor of plaintiff and from an order denying defendant's motion for a new trial.

On the tenth day of July, 1905, plaintiff shipped a case of crockery and oriental goods from San Bernardino to Los Angeles, addressed to "Elias A. Shedoudy, Los Angeles, Cal.," via the Santa Fe Railway. This case of goods was delivered to the defendant, as a warehouse-keeper at Los Angeles, by the railway company, on August 7, 1905, to be stored until plaintiff should claim it. On November 7, 1905, plaintiff called at defendant's warehouse in said city, and in a conversation with defendant's representative was told that defendant had the case of goods, and the charges on them were $2.50 to November 7th, and would be twenty-five cents a month thereafter. Plaintiff said he would like to leave the goods in storage, and was told that defendant would "keep them as long as you want." He then stated that he was going on a long trip and that when he located he would send defendant a letter to send the goods C. O. D. The representative replied: "We might not send them C. O. D.; you better send the money," and upon plaintiff suggesting that he might forget the amount, defendant's agent wrote upon a card, "Charges to Nov. 7, 2.50, 25c. per. mo. thereafter," and handed it to plaintiff. To a suggestion made by the representative of defendant that the goods might not be worth the money (evidently referring to the charges that might accrue from storage, shipping, etc., in case the goods

were sent C. O. D.), plaintiff replied, "there is about fifteen hundred dollars' worth of goods in that case."

Plaintiff went away "to the old country," and on reaching New York on his return wrote to defendant, under date of April 24, 1907, asking for a bill of the charges on the goods, and stating that as soon as located he would write where to send them. In response to this he received a postal card saying, "Your shipment was sold for unpaid charges more than a year ago." The evidence discloses that the case of goods was sold at public auction, without being opened, for $3, on April 24, 1906, the unpaid charges at that time being $3.25; and that the sale was made in accordance with the provisions of sections 3152 and 3153 of the Political Code. It is practically conceded that if defendant was authorized to sell under these sections it has a good defense to the plaintiff's cause of action; otherwise not.

We think the fundamental question to be answered here is: "Was there a contract between the parties?" It must be admitted that if the defendant had expressly agreed to keep the goods until a specified date, the limitation of sixty days fixed by the statute after which sale might be made would have had no application. And so, if the agreement had been that they were to be kept by defendant while the plaintiff made an extended trip to Europe, it is evident that a sale in sixty days would not have been authorized. It is apparent, then, that the sections of the code in question are to be considered as stating the terms of the contract implied by law where none has actually been made. The finding of the court that there was an agreement made between plaintiff and defendant on November 7, 1905, whereby the defendant agreed and undertook that it would continue to hold and warehouse said goods for and on behalf of plaintiff and to deliver them to the latter's order, is sustained by the evidence, and is conclusive upon us that there was a contract.

We do not think it material to the determination of the applicability to this case of the sections above mentioned that the name of plaintiff was known to defendant. He might have been as effectually unknown to defendant, for all the purposes of the law in question, from a lack of knowledge of his address as he would have been if his name had been unknown. And, again, property belonging to a known owner may be "unclaimed," as well as that which belongs to an

unknown one, and if such an owner did not call and pay within "sixty days from the receipt," no reason is suggested why the warehouseman would not be entitled to his remedy.

The facts here show that plaintiff called and claimed his goods on November 7, 1905, and while he did not pay the charges, he gave such assurances of his ability to pay that defendant accepted him as its debtor for the amount of charges already accrued, and without demanding payment of this or of future charges, agreed to keep the goods until demanded by plaintiff, at the rate of twenty-five cents per month, to be shipped as ordered by plaintiff when the charges were paid. The failure of defendant's representative to recollect or to note the agreement upon the account kept with the goods was the negligence of defendant. From the date this agreement was made defendant became a depositary for hire under section 1856 of the Civil Code, and its lien for storage charges was regulated by the title on liens. (*Stewart* v. *Naud,* 125 Cal. 599, [58 Pac. 186].) To render the sale valid, notice was necessary, if notice was not waived. (Civ. Code, secs. 3002, 3003.) Otherwise, a foreclosure of the lien by a sale under the direction of a court was necessary. (Civ. Code, sec. 3011.) No time being specified in the agreement, the plaintiff was entitled to have the goods held a reasonable time, under the circumstances of the case, before they were sold. Six months cannot be said, as a matter of law, to have been such time, and therefore the finding of the court that the goods were sold within an unreasonably short time, being a proper inference of fact from the evidence, will not be disturbed. Indeed, we are inclined to think that by analogy the minimum fixed by section 1857 in the case of perishable goods (one year) furnishes a measure of the legislative intention on this subject that might well be applied.

Several of the errors as to admission and rejection of testimony relied upon by appellant are based upon objections having for their foundation the theory that sections 3152 and 3153 of the Political Code were applicable to the case. As to the others, the objections that the respondent and his witness Salem Baida were not qualified to testify on the subject of market value of the goods were properly overruled; and the objection to the question of defendant, which sought to show the general use of the cards, one of which was handed to the plaintiff with the terms of storage noted on it, was

properly sustained. It was not the card, but the particular figures written on it by defendant's representative, which was evidence.

All the other grounds of reversal fail with the principal question considered.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 21, 1909.