[Civ. No. 7587. Second Appellate District, Division One.—January 9, 1933.]

G. A. JEWETT et al., Respondents, v. THE CITY TRANS-FER & STORAGE CO. (a Corporation), Appellant.

Ray Meacham and Newton M. Todd for Appellant.

Dewey L. Strickler for Respondents.

HOUSER, J.—The defendant appeals from a judgment recovered by the plaintiffs in an action for conversion of certain personal property which belonged to the plaintiffs and which was stored by them with the defendant.

It appears that because of the failure of the plaintiffs to pay certain storage charges on the said property, the defendant caused the same to be sold for the purpose of collecting said charges. It is admitted that in so doing the defendant failed to give the notice required by the provisions of section 33 of the Warehouse Receipts Act. (Stats. 1909, p. 437, as variously amended.) On the other hand, as a justification for the manner in which it proceeded in making a sale of the property, it is contended by the appellant that by the provisions of section 35 of the Warehouse Receipts Act it was authorized to adopt, and that it did adopt and pursue, the provisions outlined by section 3052 of the Civil Code. Said section 35 of the Warehouse Receipts Act is as follows:

"The remedy for enforcing a lien herein provided does not preclude any other remedies allowed by law for the enforcement of a lien against personal property, nor bar the right to recover so much of the warehouseman's claim as shall not be paid by the proceeds of the sale of the property."

The question, therefore, which is submitted herein for determination is whether on a sale by a warehouseman for the enforcement of a lien for charges on stored property he may adopt the procedure in that regard provided by section 3052 of the Civil Code.

On examination of the section of the Warehouse Receipts Act to which reference herein has been had, it will be noticed that, by express provision therein, in enforcing his lien for charges on stored goods the "remedy" therein provided for is not the exclusive remedy allowed the warehouseman. In the language of the statute, the remedy therein permitted "does not preclude any *other* remedies allowed by law".

As applied to legal phraseology, a remedy is the means authorized by law to be employed in preserving or enforcing a civil right, or preventing the happening of a threatened injury, or in securing redress for that which

already has illegally resulted in damage. (*Frost* v. *Witter*, 132 Cal. 421, 426 [64 Pac. 705, 84 Am. St. Rep. 53]; Bouvier's Law Dictionary; *Missionary Soc. of M. E. Church* v. *Ely*, 56 Ohio St. 405 [47 N. E. 537, 539]; *United States* v. *Lyman*, 26 Fed. Cas. 1024, 1031, No. 15,647; *Gutierres* v. *Pino*, 1 N. M. 392, 394.)

Applying such definition to the facts herein, it would appear that the remedy contemplated by the statute was the means permitted or authorized by which the proper charges of the warehouseman for storage of personal property might be collected. █ Although at common law a warehouseman had a specific lien for his proper charges on property stored with him, together with the incident right to retain possession thereof until such charges were paid, he had no direct, personal remedy of selling the property for the collection of his charges, but was relegated to an action which, on the recovery of a judgment therein, carried with it the usual means of its enforcement. (Jones on Liens, secs. 335, 976; 40 Cyc. 460; 27 R. C. L. 1007, and authorities there respectively cited.) In other words, at common law the remedy of a warehouseman to collect for delinquent storage charges was effected by means of an action at law.

In *Stewart* v. *Naud*, 125 Cal. 596, 598 [58 Pac. 186], it is said: "At common law, a warehouseman had a lien for storage charges, but such lien conferred no right to sell the property to which the lien attached, but only to hold it until his charges were paid. (Jones on Liens, sec. 676 [976].) Such common-law liens were enforced by obtaining judgment for the charges and levying an execution upon the goods. . . . " █ By statute, as well as by authority, in the several courts of this state it is established law that "the common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this state, is the rule of decision in all the courts of this state". (Sec. 4468, Pol. Code.) Also, that where a right exists at common law a statutory remedy for its enforcement is but cumulative, and ordinarily the common-law remedy, or that afforded by statute, may be pursued. (5 Cal. Jur. 253 et seq.)

By the terms of section 1856 of the Civil Code, which statute was in force and effect at the time, and ever since,

the Warehouse Receipts Act became a law of this state, it is provided that "a depositary for hire has a lien for storage charges", and that "the rights . . . to such lien are regulated by the title on liens". Although nowhere in the title to which reference is had in such statute may be found the outline of any procedure to be pursued in enforcing the lien of a warehouseman, the case of *Stewart* v. *Naud,* 125 Cal. 596 [58 Pac. 186], contains an adjudication to the effect that the provisions of the statutes relative to the sale of pledged property, particularly sections 3010 and 3011, are appropriate to the sale of personal property for the enforcement of a lien by a depositary for hire.

For the reason that the common-law remedy of enforcing a lien by order of court is there specially recognized, it should be noted that the provisions of section 3011 of the Civil Code are that "instead of selling property pledged, as hereinbefore provided, a pledgee *may foreclose the right of redemption by a judicial sale,* under the direction of a competent court; and in that case may be authorized by the court *to purchase at the sale".* (See, also, 21 Cal. Jur. 360, and authorities there cited.)

It therefore becomes clear that, in addition to the remedy provided by the terms of the Warehouse Receipts Act for the enforcement of his lien, a warehouseman has not only the common-law remedy to which attention has been directed, but as well has the statutory remedy, including a foreclosure of the right of redemption and the right "to purchase at the sale", suggested by the provisions of section 3011, which may be the "other remedies" reserved to the warehouseman by the terms of the Warehouse Receipts Act.

In the instant case, it should be remembered that in attempting to enforce its lien the defendant admittedly disregarded the provisions of the Warehouse Receipts Act; but that it here contends that the procedure adopted and pursued by it was and is authorized by the provisions of section 3052 of the Civil Code. However, it is doubtful that the provisions of sections 3051 and 3052 of the Civil Code are applicable to, or are. legally permissible in, the foreclosure of a warehouseman's lien. Although not therein directly so decided, the indications in each of the following cited authorities are to the effect that any lien to which a

warehouseman may be entitled does not arise from, nor is it created by, either of such statutes: *Johnson* v. *Perry*, 53 Cal. 351; *First National Bank* v. *Silva*, 200 Cal. 494 [254 Pac. 263]; *Mortgage Securities Co.* v. *Pfaffman*, 177 Cal. 109 [169 Pac. 1033, L. R. A. 1918D, 118].

But even assuming that such statutes assure to a warehouseman a right of lien, together with a right of sale thereunder, it is clear that the ''remedy'' afforded thereby is identical with the remedy provided by the Warehouse Receipts Act. In each instance, the ultimate means authorized by law to be employed in preserving or enforcing the lien, to wit, a public sale of the stored property, is initiated and pursued throughout its course solely by the personal or authorized act of the warehouseman. In effecting his object under authority of such statute or statutes, he neither requires nor seeks the aid of any court, or public officer of any kind. In no sense does the enabling statute contemplate anything of that sort. In effect, the only essential difference between the modes of procedure provided by the Warehouse Receipts Act and that outlined in section 3052 of the Civil Code relates to the manner of giving notice of the intended sale of the stored property. Reverting to section 35 of the Warehouse Receipts Act, under the terms of which appellant contends that it was authorized to adopt the procedure required by section 3052 of the Civil Code, it will be noted that the language is that ''the remedy for enforcing a lien herein provided does not preclude any *other* remedies allowed by law for the enforcement of a lien against personal property, . . . ''

Since, as hereinbefore has been made to appear, the remedy sought by the defendant was not one of the ''*other* remedies allowed by law'', but that it was identical with the remedy permitted by the Warehouse Receipts Act, it should follow, especially if the effect of the enactment of the later act was to supersede and repeal the former act as far as it possibly may have related to the creation of a warehouseman's lien and a right of sale of stored property for its enforcement, that the method employed by the defendant herein was unauthorized by law, and consequently was in derogation of the rights of the plaintiffs.

Although in the law the repeal of a statute by implication is not favored, when on comparison of the later

law with the earlier statute it becomes apparent that the later law is a revision of the entire subject matter embodied in the respective legislative acts, and that it is designed as a substitute for the earlier statute, the later law is deemed to supersede or repeal the earlier one. (23 Cal. Jur. 694; *Smith* v. *Mathews*, 155 Cal. 752, 758 [103 Pac. 199].)

In the case of *Mack* v. *Jastro*, 126 Cal. 130, 132 [58 Pac. 372, 373], it is said: " . . . while it is true that repeals by implication are not favored, whenever it becomes apparent that a later statute is revisory of the entire matter of an earlier statute, and is designed as a substitute for it, the later statute will prevail, and the earlier statute will be held to have been superseded, even though there be found no inconsistencies or repugnancies between the two. . . . "

And see the case of *Stoddard* v. *Crocker*, 100 Me. 450 [62 Atl. 241], in which was involved a situation relative to goods stored in a warehouse nearly identical with that in the instant case.

Considering the provisions of the statute known as the Warehouse Receipts Act, it is apparent that its purpose was to revise the entire subject matter relating to the general business of conducting a public warehouse. As hereinbefore indicated, if by any legal reason it may be held that any of the provisions of sections 3051 and 3052 of the Civil Code apply to the subject of liens of warehousemen, those provisions, as to such liens, must be deemed repealed by the later legislative act.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 9, 1933.