## In re WILLIAMS.
### No. 30651—C.

District Court, S. D. California, Central Division.
Nov. 2, 1939.

**128**

Russell B. Seymour, of Los Angeles, Cal., for William I. Heffron, trustee.

Williamson & Wallace, of San Francisco, Cal., George M. Burditt, of Chicago, Ill., and Zach Lamar Cobb, of Los Angeles, Cal., for Lawrence Warehouse Co.

Edmund Nelson, G. L. Berrey, Hugo Steinmeyer, and Grainger & Hunt, all of Los Angeles, Cal., for Bank of America.

COSGRAVE, District Judge.

■ The vital question on this petition for review is whether or not noncompliance with the provisions of Section 3440 of the Civil Code of California prevents the acquiring of a valid lien on the goods of a merchant in favor of the holder of warehouse receipts thereon as against the trustee in bankruptcy of the insolvent merchant. After a careful consideration of the evidence and the authorities cited, I find myself compelled to disagree with the conclusions of the referee. The Warehouse Receipts Act, Statutes of 1909, page 437, repeals all acts or parts of acts inconsistent with it. Compliance with its terms, as shown by the evidence here, must be held therefore to sustain the title obtained through the issuance of warehouse receipts.

■ The transactions between the bankrupt and the Lawrence Warehouse Company substantially fulfilled every requirement of a legitimate warehousing transaction under the act referred to. Such transactions were had, it is true, not for the purpose of warehousing but as a convenient means of obtaining bank credit. Since, however, the latter purpose was not unlawful, the effect of the transactions, if sufficient under the Warehouse Receipts Act, is not impaired thereby.

McCaffey Canning Company, Inc. v. Bank of America, 109 Cal.App. 415, 294 P. 45, is strongly relied upon by the trustee, but the ruling therein that a non-suit should not have been granted means merely that the evidence, which differed materially from the admitted facts in this case, might have justified a finding for or against the sufficiency of the evidence to constitute a warehousing transaction. Jewett v. City Transfer & Storage Co., 128 Cal.App. 556, 18 P.2d 351. Union Trust Company v. Wilson, 198 U.S. 530, 25 S.Ct. 766, 49 L. Ed. 1154, may be cited. Sustaining authority is also found in Wyoming Valley Collieries, Bankrupt, D.C., 29 F.Supp. 106 decided on September 19, 1939 by Judge Albert L. Watson of the Middle District of Pennsylvania.

For the reasons given, exceptions to the referee's findings are allowed. Petitioner will prepare and submit an appropriate order.