[Civ. No. 16938. Second Dist., Div. One. June 29, 1949.]

PAUL W. SAMPSELL, as Trustee, etc., Appellant, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association) et al., Respondents.

McLaughlin, McGinley & Hanson and Craig, Weller & Laugharn for Appellant.

Roane Thorpe and Williamson & Wallace for Respondents.

DORAN, J.—The instant controversy involves no disputed questions of fact. The appeal is concerned with the effect, if any, of section 1858(b) and (f) of the Civil Code upon certain warehouse receipts, and raises the question whether that code section was repealed by the Uniform Warehouse Receipts Act [Stats. 1909, p. 437; 3 Deering's Gen. Laws, Act 9059], adopted in 1909.

According to appellant's brief, the complaint sought recovery from respondents "for the value of building materials warehoused by a bankrupt corporation known as Hamill-Jones Corporation with the respondent, Lawrence Warehouse Company. This respondent, in turn, issued its (non-negotiable) warehouse receipts for such building materials to respondent bank, the pledgee, as security for an indebtedness from the bankrupt to such bank in the sum of $171,851.00 . . . All of these warehouse receipts were identical in form except that they covered different items. . . ."

The warehouse company retained possession of the materials until a date between July 1, 1947, and September 10, 1947, after the bankrupt had become involved in the present proceedings, when it delivered possession to the respondent bank. On September 30, 1947, pursuant to stipulation and for the purpose of taking advantage of an advantageous market, the bank sold the building materials for the sum of $87,500, which amount the appellant trustee seeks to recover

in this action. The complaint alleged insolvency of the bankrupt and that "both respondents had reasonable cause to believe that the bankrupt was insolvent" at the time the warehouse company delivered the materials to the bank.

■ Appellant's complaint was predicated upon the theory that the warehouse receipts were invalid for the reason, as stated in appellant's brief, "that the warehouse company had failed to have the warehouse receipts show on their faces the rate of storage charges per month or per season, as required by Section 1858(b) of the Civil Code of California. Section 1858(f) of the Civil Code makes it a felony to violate any of the provisions of Section 1858(b)." A demurrer to the complaint was sustained, appellant chose not to amend, and this appeal followed.

It is appellant's claim that since the warehouse receipts were void, "the pledge of the warehouse receipts was, likewise void and that the bank acquired no lien on any of the building materials"; that the purpose of the suit "is to prevent such lender (the bank) from enjoying the preferential treatment as a valid lien claimant when its lien was void."

The questions presented by this appeal involved the following points:

(1), "Are the provisions of section 1858 of the Civil Code inconsistent with or repugnant to those of the Warehouse Receipts Act, so that the latter act has repealed the code sections?

(2), "If no such repeal were effected, then were not the warehouse receipts void as being issued in violation of a criminal statute (Section 1858)? If they were void, was not the pledge which depended upon them also void or unperfected . . .?

(3), "Did the provisions in the warehouse receipts substantially comply with the Civil Code sections?"

Section 1858(b) of the Civil Code, enacted in 1905, requires that "all warehouse receipts must distinctly state *on their face* for what they are issued and its brands and distinguishing marks *and the rate* of *storage per month or season.*" (Italics added.) Section 1858(f) fixes punishment for violation of such requirement, which act is designated a felony; it also makes the warehouseman liable in damages to any person aggrieved by such violation.

The Uniform Warehouse Receipts Act of 1909, section 2 [Stats. 1909, p. 437; 3 Deering's Gen. Laws, Act 9059], differs from the quoted Civil Code provision in merely requir-

ing that "Warehouse receipts . . . must embody within (their) written or printed terms . . . The rate of storage charges," and makes the warehouseman liable for "all damage caused . . . from a negotiable receipt of any of the terms herein required." Sections 57 and 60 of the Uniform Act further provides that "This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the laws of those states which enact it," and specifies that "All acts or parts of acts inconsistent with this act are hereby repealed."

The warehouse receipts here in question are nonnegotiable in character, and the printed form, on its face, specifies that the stored building materials are "subject to lien for storage, handling, insurance and other charges as per contract and lease with the industry served." It is respondents' contention that the warehouse receipts are valid; that the Civil Code sections in question were repealed by the Warehouse Receipts Act; that in any event the bank held a valid pledge of the goods in question, and that the subject of the pledge was not the warehouse receipts but the property covered thereby.

Appellant's contentions cannot be sustained. The relation of the Uniform Warehouse Receipts Act to the previously enacted sections of the Civil Code involved herein is not a new question. This matter, presented in one phase or another, has been before the courts on several different occasions, and the decisions in reference thereto have been unusually consistent. The rule applicable herein, is stated in *Jewett* v. *City Transfer & Storage Co.*, 128 Cal.App. 556, 561 [18 P.2d 351], as follows: "Although in law the repeal of a statute by implication is not favored, when on comparison of the later law with the earlier statute it becomes apparent that the later law is a revision of the entire subject matter embodied in the respective legislative acts, the later law is deemed to supersede or repeal the earlier one. . . . Considering the provisions of the statute known as the Warehouse Receipts Act, it is apparent that its purpose was to revise the entire subject matter relating to the general business of conducting a public warehouse." These statements are not, as characterized by appellant, mere "careless *dicta*," but constitute an enunciation of obvious truth.

The case of *Sampsell* v. *Lawrence Warehouse Co.*, 167 F.2d 885, upholding the validity of identical warehouse receipts issued by the defendant in the instant case, has received detailed attention from all parties hereto, and is set forth in

full in appellant's brief. There as here, the appellant bankruptcy trustee contended that the receipts conferred no rights on a pledgee bank for the reason that the rate of storage was not stated "on their face" as required by section 1858(b) and (f) of the California Civil Code. Although this decision constitutes no controlling authority in the state courts, the reasoning therein in reference to facts identical with those here presented is persuasive. Citing *Jewett* v. *City Transfer & Storage Co.*, 128 Cal.App. 556 [18 P.2d 351], hereinbefore mentioned, and other cases, the court in the Sampsell case said: "It is apparent that the intent of the California legislature in providing that the act (Uniform Warehouse Receipts Act) is to be interpreted to make uniform the law of the states which enacted it, is defeated if in California this warehouse receipt be held invalid. . . . We hold that the Act of 1905, section 1858 of the California Civil Code, penalizing the failure to state in the receipt the rate of storage is inconsistent with the Uniform Act and was thereby repealed in so far as affecting such warehouse receipts. It is a rational interpretation of the receipt, a contract embodying the law, which makes it lawful and carries into effect the intention of the parties."

As said in one of respondents' briefs, "there are no ironclad rules of statutory construction. The primary task in each case is to determine the intent of the legislature passing the statute." In the present controversy the legislative purpose is obvious and has received recognition in the cases cited. Such purpose, again quoting from respondents' brief, "can hardly be realized if warehouse receipts, valid in all other jurisdictions, are invalid in California because of a statute which far antedates the Uniform Act."

It cannot have been the intention of the Legislature to penalize the holder of warehouse receipts on the technical grounds urged by the appellant. Viewed in the least favorable light the receipts here under consideration evidence a substantial compliance with the law; nor is it claimed that any prejudicial effect resulted to any person by reason of failure of the receipts to state "on their face" the full and complete details relating to storage charges.

In *Boas* v. *DePue Warehouse Co.*, 69 Cal.App. 246, 250 [230 P. 980], the court said: "A warehouseman issuing a non-negotiable receipt which contains, as here, a recital that the goods stored are subject to a lien for charges is entitled to a lien to the extent of such charges, even though the amount is not stated in the receipt." Although not dealing with the

precise issue here presented, the opinion refers to the Uniform Warehouse Receipts Act involved herein, and bears out respondents' argument that a liberal and reasonable interpretation of the law is called for.

An examination of the cases cited by appellant reveals that such decisions are inapplicable to the present situation by reason of dissimilarity of the statutes and facts involved. Such is the case with *Carter* v. *Seaboard Finance Co.* *(Cal. App.), 193 P.2d 985, where the court held a conditional sales contract void because it did not comply with certain statutory requirements. Other cited cases present only general rules and precepts about which there can be no controversy. In none of these opinions is there anything to sustain appellant's position, or which detracts from the principles and reasoning contained in the decisions hereinbefore mentioned.

The Uniform Warehouse Receipts Act must be held to govern in the instant case; the receipts in question are not invalid and the pledge evidenced thereby must be sustained.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 25, 1949.

---

*A hearing was granted by the Supreme Court on July 22, 1948. The final opinion is reported in 33 Cal.2d 564 [203 P.2d 758].