[No. 6,746.]

# CONNER v. BLUDWORTH.

54 635<br>142 547

REPLEVIN—PLEADING—COMPLAINT—DEMURRER—OYER.—Replevin for a crop of wheat cut and taken by defendants on land in possession of the plaintiff— the complaint, besides the proper allegations, alleging that the plaintiff was in possession of said land and crop, and entitled thereto by virtue of certain specified instruments of record in the Recorder's office of Kern County. *Held*, that the last allegation was mere surplusage, and the complaint therefore not open to demurrer on account of the omission of the instruments. And *held, further*, that, had the defendants demanded *oyer* of the instruments, (which the record failed to show) they would not have been entitled to it, because the plaintiff did not count upon the instruments.

APPEAL from a judgment for the defendants, in the Sixteenth District Court, County of Kern. REED, J.

The facts are stated in the opinion.

*G. E. Otis*, for Appellant.

*R. E. Arick*, for Respondent.

Department No. 2, MYRICK, J. :

Plaintiff alleges that on July 17th, 1878, he held and was in possession of certain lands, describing them, and of the growing crop of wheat thereon; that while he was in the possession and entitled to the possession of said land and growing crop, defendants, against the will of plaintiff, willfully and unlawfully entered into and upon said land, and took possession of said growing crop, and without the consent of plaintiff and against his will did unlawfully cut said crop, and take and keep possession thereof; that plaintiff was and is the owner and entitled to the possession of said crop; that defendants detain the same, and refuse, after demand, to deliver the same to plaintiff, to plaintiff's damage, etc.

Plaintiff also states that he was in possession of said land and crop, and entitled thereto, by virtue of certain instruments of writing, of record in the office of the County Recorder of Kern County, stating dates, books, and pages of record.

Defendants demurred to the complaint, on the ground that it

does not state facts sufficient to constitute a cause of action. The demurrer was sustained; and plaintiff failing to amend, judgment went for defendants, and plaintiff appealed.

On the argument we were informed by respondent that he seeks to sustain the ruling of the Court below on the demurrer, and claims that the complaint does not state facts sufficient to constitute a cause of action in this:

1st. That the plaintiff claims that he is entitled to the possession of the crop of grain " by virtue of certain conveyances and instruments duly recorded," and does not annex the originals or copies, or incorporate them in the complaint.

2nd. The instruments were brought into Court under defendant's plea of *oyer*, and on plaintiff failing to incorporate them in his complaint, defendants had a right to make them part of the pleading, and demur if a material variance appeared.

3rd. As there is a material variance between the complaint and the instruments, as appears therefrom on their being produced, defendants may demur to plaintiff's complaint.

As to the first point, plaintiff does not declare on the instruments, but alleges possession, which is sufficient, without stating the means by which he had possession. The allegations relate to the instruments, and are surplusage in a pleading, though the instruments may be evidence.

As to the second and third points, we are not advised by the transcript that any proceedings for *oyer* were had, nor that the instruments were produced, nor that there was any variance. Neither does it appear to us how questions of that character could be raised on demurrer to a complaint, where, as in this case, the plaintiff does not count on the instruments.

Judgment reversed, and cause remanded to the Superior Court of Kern County, with instructions to overrule ·the demurrer, with leave to defendants to answer.

THORNTON, P. J., and SHARPSTEIN, J., concurred.