[Civ. No. 1696. First Appellate District.—April 27, 1916.]

CONSOLIDATED MUSIC COMPANY (a Corporation), Respondent, v. JOSEPHINE MORRISON, Appellant.

CLAIM AND DELIVERY—PLEADING—SUFFICIENCY OF COMPLAINT—GENERAL DEMURRER.—In an action to recover the possession of a certain musical instrument in the possession of the defendant under a contract of conditional sale, the complaint is sufficient as against a general demurrer or a motion for judgment upon the pleadings, made upon the ground that the complaint does not state facts sufficient to constitute a cause of action, where the plaintiff's ownership and right to possession of the property is alleged, notwithstanding that there is no averment of default or breach of contract on the part of the defendant.

ID.—PLEADING—UNVERIFIED ANSWER TO VERIFIED COMPLAINT—EFFECT OF.—An unverified answer to a verified complaint may be treated as sham and disregarded on a motion for judgment on the pleadings.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

James E. Colston, for Appellant.

Henry G. W. Dinkelspiel, and John R. Jones, for Respondent.

THE COURT.—This is an appeal from a judgment rendered and entered in favor of the plaintiff upon motion for judgment on the pleadings. The action was upon claim and delivery for the recovery of the possession of a certain musical instrument. The complaint was verified, and alleged that the defendant was in possession of such instrument under a contract of conditional sale; that the contract required installments to be paid thereon at certain specified times, and reserved title in the plaintiff until the purchase price thereof had thus been fully paid. The agreement is attached to the complaint. It is not specifically averred that the defendant is in default in making these payments, but the complaint does allege that the plaintiff is the owner and is entitled to the immediate possession of the property, and that the defend-

ant without any excuse or justification withholds from the plaintiff the possession of the same after demand duly made.

To this verified complaint the defendant first filed a general unverified denial, and thereafter filed a specific and also unverified answer, denying the material averments of the complaint. The plaintiff thereupon moved for judgment on the pleadings upon the ground that the defendant's answer was sham, frivolous, and insufficient to constitute a defense to the action. The defendant responded to this motion with a counter-motion for judgment in her favor upon the pleadings upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The court denied the defendant's motion, and granted the motion of the plaintiff, and thereupon gave judgment in its favor, from which judgment the defendant appeals.

We are of the opinion that the complaint was sufficient as against a general demurrer or as against the defendant's motion for judgment on the general ground that it failed to state a cause of action. It is true that said complaint did not specifically aver a breach of her contract on the part of the defendant; but it did contain express averments of plaintiff's ownership and right to the possession of the property. This form of allegation was expressly approved in actions on claim and delivery in the case of *Summerville* v. *Stockton Milling Co.*, 142 Cal. 529–547, [76 Pac. 243]. At most it may be said that the complaint was uncertain; and this objection could not be urged under the general ground of objection. The defendant's motion for judgment on the pleadings was therefore properly denied.

The defendant's answer to the plaintiff's verified complaint was unverified, and the court was for that reason entitled to disregard and treat it as sham upon the plaintiff's motion for judgment on the pleadings. This it did; and in so doing committed no error, either in its order granting such motion, or in its judgment based upon a complaint which, as we have seen, stated facts sufficient as against a general demurrer to constitute a cause of action.

Judgment affirmed.