[Civ. No. 4477. Second Appellate District, Division One.—May 25, 1926.]

PEERLESS INSURANCE & BROKERAGE COMPANY (a Corporation), Respondent, v. DWYER EQUIPMENT COMPANY et al., Appellants.

[1] Liens—Painting of Automobile—Premature Foreclosure—Sale —Title—Right of Possession.—Where proceedings under sections 3051 and 3052 of the Civil Code to enforce a painter's lien on an automobile for work done at the request of the conditional vendee are commenced prior to the expiration of twenty days after the work was completed and payment shall have become due, such proceedings are premature, and the sale thereunder is a nullity and has no effect upon the conditional vendor's right of possession, and no title is vested in the purchaser at such sale.

[2] Claim and Delivery — Title — Right of Possession — Ultimate Facts—Pleading—Findings.—In an action in claim and delivery, allegations of ownership or possession are averments of ultimate facts, and findings of fact which follow the pleadings in the statement of the ultimate facts are sufficient.

---

(1) 6 C. J., p. 1137, n. 84, p. 1138, n. 89.   (2) 31 Cyc., p. 60, n. 71, p. 61, n. 84; 34 Cyc., p. 1523, n. 94, p. 1527, n. 23; 38 Cyc., p. 1979, n. 53.

1. See 16 Cal. Jur. 352.
2. See 5 Cal. Jur. 185.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. Frank Courtney for Appellant.

H. H. Harris for Respondent.

HOUSER, J.—This is an appeal by defendant Dwyer Equipment Company from a judgment rendered against it in an action in claim and delivery.

The basic facts appear to be that on a conditional sales contract the plaintiff sold an automobile to one Porter, who left it with one Blake to be painted. The paint job having been completed and no payment having been made therefor, under the then provisions of the law (secs. 3051 and 3052 of the Civil Code) Blake proceeded to enforce the lien which he claimed and thereunder sold the automobile to the defendant Dwyer Equipment Company. The plaintiff company offered reimbursement, which was declined, following which this action was commenced and which resulted in a judgment for plaintiff as against Dwyer Equipment Company.

Appellant specifies as error that the findings and judgment of the trial court were not supported by the evidence, and that such findings and judgment are contrary to law.

The findings which are attacked are as follows:

"That plaintiff now is, and at all times in plaintiff's complaint mentioned has been, entitled to the possession of that certain personal property, more particularly described as follows: (describing the automobile).

"That it is not true that the defendant, Dwyer Equipment Company, was ever the owner of the said property or entitled to the possession thereof, . . . "

Attention is especially directed by appellant to that part of such findings which is to the effect that at all times mentioned in the complaint plaintiff was *entitled to the possession* of the automobile, and that it is not true that the defendant Dwyer Equipment Company *was ever the owner of the said property or entitled to the possession thereof.*

[1]   Section 3052 of the Civil Code, under which the sale of the automobile was authorized for the nonpayment of the paint job, provides in part that: "If the person entitled to the lien . . . be not paid the amount due and for which said lien is given, within twenty days after the same shall have become due, then such lienholder may proceed to sell said property, . . . "

In the case of *Trumpler* v. *Bemerly*, 39 Cal. 490, it appears that certain estray animals were sold under the provisions of the statute. (Stats. 1863, p. 697.)   Notice of the sale was given for nineteen days instead of twenty days, as by the statute was provided.   It was held that the proceedings were void and conferred no title upon the purchaser at the sale.   The court said in part: "This statute, as all others prescribing modes by which a party may be divested of his property without his consent, must be strictly construed; and a party claiming to have acquired a right and title to property by virtue of its provisions as against the original owner, must affirmatively allege and prove that the mode prescribed by the statute for the acquisition of such title has, in every particular, been strictly followed; (citing authorities)."

In the case of *Chase* v. *Putnam*, 117 Cal. 364 [49 Pac. 204], for the reason that proper notice of a sale was not given, it was held (syllabus) that "a sale by the constable of animals taken *damage feasant* upon the land of the distrainor, without given the ten days' notice of the sale required by the statute, is void, and the distrainor purchasing at such a sale cannot still retain possession by virtue of his lien.   By such a sale, the lien must be deemed to have been waived or lost."

See, also, *Bensley* v. *Mountain Lake Water Co.*, 13 Cal. 306 [73 Am. Dec. 575]; *Curran* v. *Shattuck*, 24 Cal. 432; *McCarty* v. *Southern Pac. Co.*, 148 Cal. 211, 216 [82 Pac. 615].

On the trial of the action at bar evidence was introduced, which it must be assumed was accepted by the court as true, to the effect that the paint job had not been completed for the statutory period of twenty days at the time proceedings were commenced by Blake to satisfy his lien.   Such being the case, the proceedings for foreclosing the lien were premature; from which it would result that the sale under the foreclosure proceedings was a nullity and had no effect upon

plaintiff's right to possession of the automobile, nor vested any title thereto in the purchaser at such sale.

[2] Appellant suggests that the purported findings by the court to which reference has been had, to the effect that plaintiff was entitled to the possession of the automobile, and that the Dwyer Equipment Company was never the owner nor entitled to the possession thereof, do not constitute findings of fact, but are conclusions of law only, and upon which no judgment can be based. (*Goodman* v. *Anglo-California Trust Co.*, 62 Cal. App. 702 [217 Pac. 1078].)

The authorities in this state, if not unanimous, are very generally to the effect that in an action in claim and delivery allegations of ownership or possession are averments of ultimate facts, and that findings of fact which follow the pleadings in the statement of ultimate facts are sufficient.

In the case of *Fredericks* v. *Tracy*, 98 Cal. 658, 660 [33 Pac. 750, 751], it is said: "To sustain this action (claim and delivery) plaintiff must have the right to immediate and exclusive possession at the time of the commencement of his suit. It is a cardinal principle in pleading that ultimate and not probative facts are to be pleaded. The ultimate fact in such an action is, that plaintiff was at the time the action was commenced the owner of, or had some special property in the chattel, coupled with a right to the immediate possession thereof."

In *Summerville* v. *Stockton Milling Co.*, 142 Cal. 529, 547 [76 Pac. 243, 250], the court says: "The action of claim and delivery is primarily an action for possession. The general allegations of ownership or right of possession of the defendant are sufficient, and this form of statement is the better form of pleading." (Citing authorities.)

See, also, *Nudd* v. *Thompson*, 34 Cal. 46; *Conner* v. *Bludworth*, 54 Cal. 635; *Harris* v. *Smith*, 132 Cal. 316 [64 Pac. 409]; *Beggs* v. *Smith*, 26 Cal. App. 532 [147 Pac. 585]; *Consolidated Music Co.* v. *Morrison*, 30 Cal. App. 303 [158 Pac. 342].

The syllabus, which is supported by the text of the opinion (in which authorities are cited), in the case of *McCarthy* v. *Brown*, 113 Cal. 15 [45 Pac. 14], is that: "Findings should state the ultimate facts pleaded, and not probative facts, and findings which follow the pleadings in the statement of ultimate facts are sufficient."

See, also, *Cooley* v. *Miller & Lux*, 156 Cal. 510, 523 [105 Pac. 981], and cases there cited; *Jacobs* v. *Ludemann,* 137 Cal. 176 [69 Pac. 965].

Additional reasons are suggested by the respondent why the judgment should be affirmed, but if a correct conclusion has been reached with reference to the question discussed herein, a further consideration of the appeal becomes unnecessary.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 22, 1926.