[Civ. No. 3425. Third Appellate District.—November 27, 1928.]

FRED H. LUNDBLADE, Respondent, v. A. L. PIERCE et al., Appellants.

Henry L. Ford for Appellants.

W. Ernest Dickson for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff in an action to replevin an automobile. While the car was in the possession of Edward Lovell, the registered owner thereof, under an executory contract of purchase from the respondent, the machine was left at the garage of Clarence Norton in Eureka for repairs. While the machine was in this garage for repairs the respondent commenced an action against Norton for a debt of $121 alleged to have been due upon an entirely different transaction and attempted to attach Norton's claim against Lovell for the repairs upon the automobile involved in this action. October 1, 1925, the officer visited the garage and apparently attempted to attach and take possession of the Lovell car. The repairs upon the car were not completed, and the machine could not be removed, for it could not be operated on its own power. The officer therefore left the garage and, returning the following morning, found that Norton had sold the car to the appellant Pierce under section 3052 of the Civil Code to satisfy his mechanic's lien for $98 for services performed. The respondent paid this amount to the sheriff and proceeded to attach it in his action against Norton. Pierce resold the Lovell car to the appellant Peterson. Lovell was in default of payments on his contract to purchase the car. November 10, 1925, this action in replevin was commenced, and the sheriff thereupon took and still holds possession of the car pursuant to the writ of replevin issued therein.

The trial court found that the respondent was the owner and entitled to the possession of the car; that it was illegally withheld from respondent's possession to his damage in the sum of $100; that the market value of the machine at the time of the illegal taking thereof was the sum of $432.50. Judgment was thereupon rendered in favor of respondent for the recovery of the possession of the machine and $100 damages, and for the further sum of $432.50 in the event of failure to recover possession of the car.

The appellants contend that they held legal title to the machine by virtue of the sale thereof by Norton to satisfy

his mechanic's lien for services performed in repairing the machine; that the record is devoid of evidence of the market value of the machine, and of the amount of damages sustained by respondent on account of the alleged withholding of possession thereof, and that the sheriff's possession of the machine under the writ of replevin was tantamount to respondent's possession, and appellants were therefore not illegally withholding it.

Norton lost his lien upon the automobile when he purported to sell and transfer it to Pierce to satisfy his claim for services performed. Under section 3051 of the Civil Code a lien upon personal property for services performed is valid only while the property is lawfully retained in the possession of the workman who renders the services. In the present case, the automobile having been sold before the repairs were completed, the claim was not due, and the purported sale to satisfy the mechanic's lien was therefore premature and void. (Sec. 3052, Civ. Code; *Peerless Insurance & Brokerage Co.* v. *Dwyer Equipment Co.*, 78 Cal. App. 141 [248 Pac. 303].) Since Norton waived his lien by parting with his possession of the car, the question as to whether he had been paid for his services becomes immaterial in this action.

There is no merit in appellants' contention that the record fails to show the market value of the machine, or the damages sustained by the respondent. He testified respecting its value at the time appellants took possession of the car, that "its reasonable market value was $400," and that "Cars of that character, at the date it was taken by the defendants were bringing in the market $400 to $450." This is sufficient to support the court's finding that it was then worth $432.50. The record also discloses evidence of the decrease in the value of the machine at the time of the trial. In this regard the respondent testified, "It is not (now) worth over $100." This is ample evidence upon which to sustain the court's finding that the respondent sustained damages in the sum of $100. Nor can it be said that the appellants were not illegally withholding possession of the car because it was actually in the custody of the sheriff, held by virtue of the writ of replevin. Under such circumstances it was merely held by the officer *in custodia legis*. The unsuccessful party to the replevin suit may still

exercise an option to restore it to the legal owner, or retain it and pay the respondent the reasonable value thereof. (5 Cal. Jur. 178, sec. 15.) In spite of the fact that the car was in the actual possession of the sheriff under the writ of replevin, the court's finding that it was illegally withheld was nevertheless proper.

The judgment is affirmed.

Hart, Acting P. J., and Plummer, J., concurred.