[Civ. No. 5519.   Third Appellate District.—February 1, 1936.]

PAULINE STARKE WHITE, Respondent, v. JACK WHITE et al., Defendants and Respondents; LEWIS S. HART, Petitioner and Appellant.

Burnett Wolfson and Earl T. Swetow for Appellant.

I. B. Kornblum, Spencer Austrian and H. A. Goldman for Respondents.

THOMPSON, J.—Lewis S. Hart (also named as Louis S. Hart) has appealed from an order denying his application for an order directing the receiver in this action to pay him auctioneer's commissions in the sum of $1500 to satisfy an asserted lien on the proceeds of a sale of personal property which is involved in this suit. It is claimed this lien was created by a contract of employment which the appellant had with one of the litigants. The application for payment was based on an order to show cause which was determined on conflicting affidavits. The appellant was not a party to this suit and did not intervene therein.

This suit was brought to cancel a written agreement settling the property rights between Pauline Starke White and Jack White, her husband, on the ground that the contract was procured by fraud. The complaint alleges that in a prior suit Mrs. White was granted an interlocutory decree of divorce from Jack White on June 23, 1931, but that the court failed to adopt the terms of the agreement settling property rights between them, and that their property rights have not been determined.

The complaint prays for a settlement of these property rights and for distribution to the spouses of their allotted portion thereof. The complaint also asks for a sale of the property if necessary and partition of the proceeds thereof, and that a receiver be appointed to take charge of the property pending the litigation. Lewis S. Hart was not a party to this action. He did not intervene therein. The defendants answered the complaint. Subsequently they filed a written confession of judgment. Thereafter, on May 19, 1933, an interlocutory judgment on the pleadings was rendered against the defendants. The written agreement settling property rights was canceled on the ground that it was procured by fraud. The property was directed to be sold and the proceeds thereof distributed equally between the spouses. Joseph Rosenthal was appointed receiver to take charge of the property and sell it as directed by the court. This appellant, Lewis S. Hart, was employed by the

receiver as an auctioneer to sell the property at public auction. He sold the property and paid the proceeds of sale to the receiver. His commissions as auctioneer were fully paid.

August 5, 1933, the court made an order in this proceeding directing Pauline Starke White, Jack White and Mr. Rosenthal, the receiver, to show cause why Lewis S. Hart should not be paid $1500 from the proceeds of the sale of the property to satisfy his alleged lien thereon for commissions as auctioneer for selling the property pursuant to a former agreement of employment as auctioneer which he had with Jack White. The order to show cause was heard and determined on affidavits. The affidavit of Hart avers that on April 22, 1933, Jack White employed him as auctioneer to sell the community property involved in this suit in consideration of commissions amounting to 10 per cent of the gross receipts of the sale, together with the further sum of $150 to be expended for advertising the sale; that the affiant then advanced to Jack White the sum of $1500, evidenced by a receipt therefor "to be repaid out of the first proceeds from said auction"; that the personal property was thereafter sold by affiant at public auction and the proceeds therefrom paid to Mr. Rosenthal, the receiver, who is now possessed of community funds of the spouses in excess of $1500; that said sum of $1500 has not been repaid to affiant and said receiver refuses to pay the same and that affiant is entitled to a lien on said funds to secure the payment of the money so advanced to Jack White.

A counter-affidavit was filed by Joseph Rosenthal in which he avers that as the duly appointed receiver of the personal property involved in this suit he employed Lewis S. Hart, as auctioneer, to sell the property at public auction, and that the property was subsequently sold and the proceeds thereof were paid to him as receiver and are now retained by him in a sum in excess of $1500. The affiant denies that the property was sold by Mr. Hart pursuant to his previous contract of employment with Jack White and upon the contrary avers that Hart was employed by him as auctioneer with the distinct understanding that he was not acting as auctioneer under his former agreement with Jack White; that the former agreement was not to be recognized as valid; that Mr. Hart sold the property at public auction as the agent of affiant and not otherwise, and that he had been fully paid for his services as auctioneer. The affidavit avers in that regard:

"Your receiver, pursuant to the order of the court heretofore made, hired and engaged Louis S. Hart as his agent to sell said furniture at public auction upon the express understanding that said receiver did not recognize . . . any contract entered into between Louis S. Hart and Jack White, and upon the express understanding that Louis S. Hart in making said sale acted solely and exclusively as agent and representative of your receiver . . . (and that) your receiver has paid to Louis S. Hart his compensation for acting as agent of your receiver."

Upon the hearing of the order to show cause and on consideration of the affidavits aforesaid, the court ordered that the application of Lewis S. Hart to require the receiver to pay him $1500 and interest in satisfaction of his alleged lien on the proceeds of sale of the personal property, be denied. The order is evidently founded on the affidavit of Rosenthal averring that Hart was employed by him as receiver to sell the property as auctioneer, and that he did so as the agent of affiant and not pursuant to the former employment by Jack White; that it was agreed between affiant and Hart that the former contract of employment was not to be recognized as valid, which implies that Hart agreed to waive his alleged lien, and finally that Mr. Hart had been fully paid for his services as auctioneer for the security of which it is claimed the lien exists. Upon this affidavit the court was warranted in finding that the alleged lien was relinquished by agreement when the final contract of employment was consummated, and that the appellant was fully paid for his services as auctioneer which satisfies the lien.

The appellant's application for payment of the money and satisfaction of his alleged lien was determined on conflicting evidence. This court is, therefore, bound by the decision of the trial court. An appellate court may not interfere with the discretion of the trial court in determining facts based on conflicting evidence, even though that evidence is presented by affidavits only. (*Zuver* v. *General Development Co.*, 136 Cal. App. 411 [28 Pac. (2d) 939].)

The present proceeding appears to be an effort to establish and satisfy an alleged lien on specified property created by a written agreement. There are no pleadings upon which the creation of such a lien or the satisfaction thereof may be founded. The claimant is not a party to the

574

action in which this remedy is sought. He did not intervene in this suit. No petition was filed therein purporting to state the facts upon which the claimant relies. A mere order to show cause was issued herein. The claimant was not in possession of the property. A suit to establish and satisfy a lien certainly contemplates the filing of appropriate pleadings in an action in which the claimant is a party. ■ A statutory lien may be enforced only in the manner prescribed by statute. (16 Cal. Jur. 351, secs. 50, 51; sec. 3052, Civ. Code; *Peerless Insurance & Brokerage Co.* v. *Dwyer Equipment Co.*, 78 Cal. App. 141 [248 Pac. 303].) We assume that the claimant in this proceeding relies on an equitable lien created by express agreement. It is said in 16 California Jurisprudence, page 308, section 10, that:

"Every express agreement upon a valuable consideration received whereby the contracting party sufficiently indicates an intention to make some particular property therein described or identified a security for a debt or other obligation, creates an equitable lien upon the property."

In 18 Standard Encyclopedia of Procedure, page 1000, section C, it is said:

"Whenever the lien is a matter of contract between the parties, equity always has jurisdiction to enforce the same for every such lien or charge *in rem* constitutes a trust and is governed by the general doctrine applicable to trusts."

■ There is no statute in California authorizing the possessor of an equitable lien on personal property for the payment of a debt to sell the property to satisfy the debt unless he is lawfully in possession of the property. When the lienholder is not in possession of the property and claims an equitable lien thereon to satisfy his debt, it is necessary for him to establish his claim and procure an order to sell the property and satisfy the debt in some appropriate proceeding based on adequate pleadings. (37 C. J. 345, sec. 75.) It is said in 16 California Jurisprudence, page 351, section 50:

"In the absence of statutory provision upon the subject one holding a common-law lien as security for a debt has no right to sell the property by virtue of the lien, either in law or equity, the liens being enforced by obtaining a judgment for the charges and levying an execution upon the goods." (*Stewart* v. *Naud*, 125 Cal. 596 [58 Pac. 186.)

In the present case the claimant was not a party to this action, and there are no pleadings upon which the court had

jurisdiction to establish the alleged lien or direct its satisfaction.

We are cited to no authority authorizing the unprecedented procedure which was followed in this case.

The order is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1936, and the following opinion then rendered thereon:

THE COURT.—On petition for hearing in this court after decision by the District Court of Appeal attention is called to an apparent inaccuracy in the statement of the District Court of Appeal to the effect that the lien which the appellant sought to impress upon the proceeds of the sale of the property was for his commission as auctioneer, whereas the claim sought to be impressed as a lien arose by reason of a loan from the respondent, Jack White, to the appellant, and an agreement by said respondent that the loan might be repaid from the proceeds of a sale then in contemplation. We deem it unnecessary to grant a hearing to correct this error because the result undoubtedly would have been the same if the inaccuracy in the statement of the facts had not been made. The right of the appellant to the claimed lien was, on the facts shown by the record, properly denied by the trial court.

The petition for a hearing is denied.