[Crim. No. 611. Fourth Dist.—June 13, 1941.]

THE PEOPLE, Respondent, v. TOM PETE ADAMS, Appellant.

C. B. Conlin and L. J. Seay for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

GRIFFIN, J.—Appellant Adams prosecuted a separate appeal from a judgment of conviction on a charge of grand theft and from an order denying him a new trial as set forth in the case of *People* v. *Gus Photo, ante,* p. 71 [114 Pac. (2d) 71], this day filed. The facts here applicable are fully set forth in that opinion. They will be here briefly summarized. One Gus Photo, owner of a truck and trailer, employed appellant Adams as a truck driver to haul from the ranch of a Mrs. Prescott some oranges on which it is argued she claimed a lien, which fruit Photo had previously purchased from a Mr. Holmes. From the evidence produced, Adams had no knowledge of the purchase transaction. The truck driver helped the foreman of Mrs. Prescott load the fruit onto Photo's truck. A dispute arose, out of the presence of Adams, between Mrs. Prescott and Photo as to the price and manner or method of payment for picking and washing of the fruit. The purchase price of the Holmes' fruit was fully paid. Photo left the truck after it was loaded and went to a nearby town to secure money for the picking and washing charge. Adams, after several hours, became disgusted and voluntarily gave the keys to the truck to Mrs. Prescott, together with his operator's license, and left the premises. Photo returned later in the evening with Adams. Photo drove away the truck with the oranges. Adams drove away in a separate car belonging to Photo. He later rode with Photo, who drove the truck to San Francisco. Both were arrested.

Respondent, under the evidence, cannot argue that a conspiracy to commit the crime charged was established. The actions and conduct of appellant Adams negative rather than support a conclusion that he was an accessory to any unlawful taking of the fruit. He was employed for the pur-

pose of driving the truck. When appellants returned to the ranch on the evening of November 14th, Adams drove away Photo's car while Photo drove the truck. This would tend to indicate that Adams did not want to have anything to do with the taking. The evidence tending to connect the appellant Adams as being a co-conspirator or accessory is unsubstantial, and in view of the presumption of innocence is not sufficient to establish his guilt of the crime charged beyond a reasonable doubt. Also, in view of the fact that it has been held in the companion case above cited that Mrs. Prescott had no special property interest in the fruit by reason of the fact that her claimed lien thereon had been extinguished before the alleged taking occurred, the judgment of conviction and order denying a new trial must be and each is reversed.

Barnard, P. J., concurred.

MARKS, J., Concurring.—I concur.

I concur, but wish to amplify one of the grounds of my concurrence.

Holmes was paid in full for all of his fruit. ▇ Mrs. Prescott could only claim a lien upon that fruit while it was in her possession under the provisions of section 3051 of the Civil Code. The lien was extinguished when she voluntarily delivered possession of the Holmes oranges to Photo (Civ. Code, sec. 2913) and was not revived when she regained possession of them. (*Davis* v. *Young,* 75 Cal. App. 359 [242 Pac. 743] ; *Covington* v. *Grant,* 82 Cal. App. 749 [256 Pac. 213] ; *Lundblade* v. *Pierce,* 95 Cal. App. 192 [272 Pac. 329] ; *Jewett* v. *City Transfer & Storage Co.,* 128 Cal. App. 556 [18 Pac. (2d) 351] ; *C. I. T. Corp.* v. *Biltmore Garage,* 3 Cal. App. (2d) (Supp.) 757 [36 Pac. (2d) 247].)

The circumstances surrounding the delivery of the sixteen boxes of Mrs. Prescott's fruit to Photo point to a sale on credit which would not support the charge of theft. The value of that fruit was less than fifty dollars, so its taking, if felonious, would not support the conviction of grand theft. (Pen. Code, sec. 487.)