Filed 6/16/14  Alexander v. Deutsche Bank Nat. Trust Co. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| STEPHEN ALEXANDER, | B250488 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC119051) |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles, Richard A. Stone, Judge.  Affirmed.

Law Offices of Mark W. Lapham and Mark W. Lapham Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Defendants and Respondents.

In the underlying action, appellant Stephen Alexander asserted claims against respondents Deutsche Bank National Trust Company (Deutsche Bank), Bank of New York, Quality Loan Service Corporation, and Mortgage Electronic Registration Systems (MERS), alleging that they wrongfully participated in a foreclosure sale of property. After granting respondents' motion for judgment on the pleadings, the trial court entered an order of dismissal with prejudice in favor of respondents. Appellant maintains the trial court erred in granting judgment on the pleadings in favor of respondents, rather than granting his own motion for judgment on the pleadings, which was predicated on respondents' failure to file a verified answer to his verified complaint. We reject appellant's contentions of error and affirm.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Appellant's verified complaint, filed November 14, 2012, asserts claims for wrongful foreclosure, unfair business practices, cancellation of an instrument, quiet title, and injunctive relief against respondents and Quality Loan Service Corporation (Quality). The complaint alleges the following facts: Appellant owns an undivided 75 percent interest in a residential property located in Santa Monica. In September 2005, Valroide Lyons, appellant's co-owner, borrowed $330,000 from New Century Mortgage Corporation. The promissory note evidencing the loan was secured by a recorded first position trust deed regarding the property. The trust deed identified Financial Title Company as trustee, and MERS as "nominee" for the beneficiary, New Century Mortgage Corporation. In 2006, the loan was "securitized," and the promissory note was transferred in an unlawful manner to Deutsche Bank. In May 2008, Deutsche Bank improperly substituted Quality as trustee in place of Financial Title Company. On August 11, 2008,

2

Quality conducted an unauthorized foreclosure sale and sold the property to Bank of New York.

On December 19, 2012, respondents filed an unverified answer to the complaint. On January 4, 2013, appellant filed motions to strike the answer and for judgment on the pleadings, contending that respondents' failure to file a verified answer entitled appellant to a default judgment on his complaint.

On March 12, 2013 and May 24, 2013, respondents filed motions for judgment on the pleadings, asserting that the claims, as pleaded, were legally unsound, and also failed for other reasons.[1] Respondents contended that appellant's claims were time-barred on the face of the complaint, arguing that each claim was subject to a limitations period of four years or less, and that appellant initiated his action more than four years after the August 2008 foreclosure sale. They further maintained that appellant lacked standing to assert his claims because he obtained his alleged interest in the property in October 2012, long after the foreclosure sale, when Lyons executed a quitclaim deed purportedly transferring a 75 percent interest in the property to appellant. In support of that contention, respondents asked the court to take judicial notice of three recorded instruments: the September 2005 trust deed securing Lyons's loan, the August 2008 trust deed following the foreclosure sale, and a quitclaim deed dated October 26, 2012, which reflected a transfer of an undivided 75 percent interest in the property from Lyons to appellant.

On June 7, 2013, the parties filed their respective oppositions to the pending motions. Respondents contended appellant's request for judgment on the

---

[1] The trial court appears to have ruled only on the May 24, 2013 motion, which incorporated the arguments in the March 12, 2013 motion.

pleadings failed because the complaint stated no claim. Respondents further maintained that appellant's motions to strike and for judgment on the pleadings were procedurally defective because appellant neither filed nor served notices of the motions, and the motions themselves lacked proofs of service. Respondents also requested leave to amend their answer were the court to strike their answer.

Supporting respondents' opposition to appellant's motion for judgment on the pleadings was a declaration from their counsel, Matthew Garfinkle. Garfinkle stated that in December 2012, shortly after respondents retained him, he became extremely ill. When appellant rejected his request for an extension of time in which to file a responsive pleading to the complaint, Garfinkle decided to forego filing a demurrer, and instead filed an answer. Later, in February 2013, he examined the online case summary for the action and learned for the first time that appellant had filed his motions. After Garfinkle obtained copies of the motions, he discovered that they lacked proofs of service. Garfinkle told appellant's counsel that he had not received the motions, but appellant's counsel never responded to Garfinkle's request for copies of the motions.

Appellant's opposition to respondents' motion for judgment on the pleadings reiterated that he should be granted judgment on the pleadings because respondents' answer was unverified. Appellant challenged respondents' motion on procedural grounds, arguing that respondents had filed no timely demurrer, that they had filed only a defective answer, and that their May 24, 2013 motion for judgment on the pleadings was not timely filed. In addition, appellant maintained that although the court was entitled to take judicial notice of the three recorded instruments submitted by respondents, it could not thereby credit the statements contained in the instruments.

4

On June 20, 2013, the trial court granted respondents' motion for judgment on the pleadings without leave to amend, and took appellant's motions off calendar as moot. In so ruling, the court took judicial notice of the three recorded instruments submitted by respondents. The court determined that appellant's claims were time-barred, as the foreclosure sale took place in August 2008, more than four years before appellant filed suit in November 2012. The court further determined that appellant lacked standing to assert the claims, as Lyons had no interest in the property when he executed the quitclaim deed in October 2012, purportedly transferring an undivided 75 per cent interest in the property to appellant. Finally, the court found that appellant failed to calendar his motions properly.[2] On July 11, 2013, the court entered an order of dismissal. This appeal followed.

## DISCUSSION

Appellant contends the trial court erred in granting judgment on the pleadings in respondents' favor, rather than granting his motion for judgment on the pleadings. He maintains he was entitled to a judgment in his favor as a matter of law because respondents failed to filed a verified answer to the complaint, and their motions for judgment on the pleadings were procedurally defective. We disagree. As explained below, the record unequivocally establishes that appellant's complaint states no claim, and that he has never suggested that it can

---

[2]    The limited record submitted by appellant lacks a minute order reflecting the trial court's determinations, and contains only the court's tentative ruling, which was filed on June 20, 2013. However, appellant does not suggest the tentative ruling misstates the basis of the court's ruling.

5

be amended to cure its defects.  Accordingly, the trial court properly ordered the dismissal of appellant's action.

A.  *Governing Principles*

We begin by explaining the burden appellant is obliged to carry on appeal in order to establish reversible error regarding the order of dismissal.  In examining the trial court's grant of judgment on the pleadings, we apply the standards governing review of a demurrer.  (*County of Orange v. Association of Orange County Deputy Sheriffs* (2011) 192 Cal.App.4th 21, 32-33 (*County of Orange*); *Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1379-1380 (*Sebago*).)

Generally, motions for judgment on the pleadings, like demurrers, may target complaints or answers.  (6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, §§ 185-186 pp. 623-625.)  In ruling on a motion for judgment on the pleadings, the trial court assesses the properly pleaded facts and those facts subject to judicial notice to determine whether the pertinent pleading states a claim or defense.  (*Sebago*, *supra*, 211 Cal.App.3d at pp. 1379-1381; 6 Witkin, *supra*, §§ 189-191, at pp. 628-632.)  In assessing the pleading, the trial court may take judicial notice of facts at the request of the parties or on its own motion.  (*Sebago*, *supra,* at pp. 1379-1381.)  We independently examine the court's determination that the pleading is inadequate (*ibid.*), but review the denial of leave to amend for an abuse of discretion (*Gami v. Mullikin Medical Center*

6

(1993) 18 Cal.App.4th 870, 876-877; *Allstate Ins. Co. v. Kim W.* (1984) 160 Cal.App.3d 326, 331).[3]

Our examination of the rulings below follows established appellate principles. Although we independently review the court's determination that appellant's complaint states no claim, appellant has the burden on appeal of showing error regarding the court's decision. (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1442, fn. 6.) "[B]ecause it is not our role to construct theories or arguments that would undermine the judgment, we consider only those issues advanced in the appellant's briefs." (*Jibilian v. Franchise Tax Bd.* (2006) 136 Cal.App.4th 862, 866-867, fn. 3.) Appellant thus has forfeited contentions of error regarding the trial court's decision to the extent he fails to raise them on appeal.

Furthermore, on appeal, "[w]e do not review the trial court's reasoning, but rather its ruling. A trial court's order is affirmed if correct on any theory, even if the trial court's reasoning was not correct. [Citations.]" (*J.B. Aguerre, Inc. v. American Guarantee & Liability Ins. Co.* (1997) 59 Cal.App.4th 6, 15-16.) Thus, we may affirm a ruling "on any basis presented by the record whether or not relied upon by the trial court." (*Day v. Alta Bates Medical Center* (2002) 98 Cal.App.4th

---

[3]     The manner in which we examine the pleading's legal sufficiency hinges on the identity of the party seeking judgment on the pleadings. "Motions for judgment on the pleadings are usually made by defendants. In such instances the motion is the equivalent of a general demurrer, and on appeal from the judgment the appellate court will assume the truth of all facts properly pleaded in the complaint. [Citation.] Motions by a plaintiff for judgment on the pleadings, which are less common, are the equivalent of a demurrer to an answer, and the standard of review is obverse: the appellate court will assume the truth of all facts properly pleaded in the answer and will disregard the controverted allegations of the complaint. [Citations.]" (*Sebago*, *supra*, 211 Cal.App.3d at pp. 1379 - 1380.)

243, 252, fn. 1.) Accordingly, "[i]f a judgment on the pleadings is correct upon any theory of law applicable to the case, we will affirm it regardless of the considerations used by the trial court to reach its conclusion. [Citation.]" (*Cowshow v. City of Escondido* (2005) 132 Cal.App.4th 687, 703.)

B. *No Entitlement to Judgment in Appellant's Favor Due to Unverified Answer*

Appellant's key contention is that he was entitled to judgment on the pleadings because respondents filed an unverified answer. Code of Civil Procedure section 446 requires that the answer to a verified complaint be verified.[4] (*DeCamp v. First Kensington Corp.* (1978) 83 Cal.App.3d 268, 275 (*DeCamp*).) In view of that requirement, California courts often have stated that when defendants file an unverified answer to a verified complaint, plaintiffs may seek a default judgment in their favor by filing a motion to strike the answer, or alternatively, asserting a motion for judgment on the pleadings with respect to the defective answer. (E.g., *Hearst v. Hart* (1900) 128 Cal. 327, 328; *Benham v. Connor* (1896) 113 Cal. 168, 170-171 (*Benham*).) As explained below, we reject appellant's contention because it relies on a false assumption, namely, that respondents' unverified answer, by itself, required the grant of a judgment in his favor, regardless of whether his complaint stated a claim.

1. *Procedures for Challenging Defective Answers*

Generally, when the defendant's answer is nonexistent or defective, a plaintiff may secure a judgment in its favor in two ways. In suitable

---

[4] All further citations are to the Code of Civil Procedure.

8

circumstances, the plaintiff may seek a default judgment (§ 585 et seq.). Alternatively, as noted above (see pt. A., *ante*), the plaintiff may seek judgment on the pleadings based on the defective answer. Nonetheless, each procedure requires a determination that the complaint is sufficient to support a judgment in the plaintiff's favor.

If the defendant fails to answer the complaint or the answer has been subject to a successful motion to strike, the defendant is potentially subject to a default judgment. (*Rose v. Lelande* (1912) 20 Cal.App. 502, 503-504.) Generally, a defendant in default "confesses the material allegations of the complaint. [Citation.]." (*Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 408-409.) Nonetheless, the trial court may not enter a default judgment when the complaint's allegations do not state a cause of action. (*Id*. at pp. 408-414; *Taliaferro v. Taliaferro* (1959) 171 Cal.App.2d 1, 3-9.) No judgment can rest on such a complaint, as a defendant in default "'admits only facts that are well pleaded.'" (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829, quoting 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 160, p. 574; *Buck v. Morrossis* (1952) 114 Cal.App.2d 461, 466.)

The same is true when the plaintiff seeks judgment on the pleadings regarding the answer. In such cases, the plaintiff must establish that the complaint states a claim, in addition to showing that the answer is defective. As explained in *McClain v. City of South Pasadena* (1957) 155 Cal.App.2d 423, 430, "[a] plaintiff may recover judgment on a motion for judgment on the pleadings only if his complaint states facts sufficient to constitute a cause of action and the answer neither raises a material issue nor states a defense." (Accord, *Barasch v. Epstein* (1957) 147 Cal.App.2d 439, 440; see *Adjustment Corp. v. Hollywood etc. Co.* (1939) 35 Cal.App.2d 566, 569 -570 [the plaintiff "'may . . . recover

9

judgment, without the introduction of any evidence, if his complaint states facts sufficient to constitute a cause of action, and the answer, as interposed by the defendant . . . neither raises any material issue nor states a defense . . . .'"].) Section 438, which governs motions for judgment on the pleadings, expressly codifies that requirement, stating: "If the motion is granted in favor of the plaintiff, it *shall* be based on the grounds that the complaint *states facts sufficient to constitute a cause or causes of action against the defendant* and the answer does not state facts sufficient to constitute a defense to the complaint." (§ 438, subd. (c)(3)(A), italics added.)

### 2. *Analysis*

In view of the principles discussed above, appellant's main contention fails. At the outset, we note that there is some uncertainty whether two distinct courses of action are available to a plaintiff whose verified complaint elicits an unverified answer. In *DeCamp*, the appellate court held that in such cases, the plaintiff's motion for judgment on the pleadings is, in substance, a motion for a default judgment, reasoning that the relief the plaintiff effectively seeks is the striking of the answer, not the "sustaining [of] a demurrer." (*DeCamp, supra,* 83 Cal.App.3d at pp. 282-283.) We need not address that holding, however, as the trial court's entry of judgment against appellant was correct under the standards applicable to both motions for a default judgment and motions for judgment on the pleadings.

When the plaintiff seeks a default judgment, the trial court may assess the complaint's allegations in light of the judicially noticeable facts, determine that the complaint states no cause of action, and enter a judgment in favor of the defendant and against the plaintiff. (*Taliaferro v. Davis*, *supra*, 216 Cal.App.2d at pp. 408-414.) Here, the trial court concluded that appellant's complaint was

10

insufficient to support a judgment in his favor. The court determined that appellant's claims were time-barred; in addition, on the basis of the judicially noticed recorded instruments, the court determined that appellant lacked standing to assert his claims, as he acquired his purported interest in the property only after the foreclosure sale occurred (*Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24, 33 ["Generally, only parties with an interest in a loan secured by real property or in the underlying property may try to set aside a nonjudicial foreclosure sale."].) Before the trial court and on appeal, appellant has neither challenged the correctness of those determinations nor proposed an amendment to his complaint. The court thus did not err in entering the judgment against appellant.

The same is true under the standards applicable to motions for judgment on the pleadings. Because respondents' unverified answer effectively failed to challenge the complaint's factual allegations, the propriety of judgment on the pleadings in appellant's favor hinged on whether the complaint adequately stated a claim, in view of the judicially noticed facts. Given the defects in the complaint described above, the complaint did not do so, and appellant proposed no amendments to cure its defects. Accordingly, under the circumstances present here, the entry of judgment against appellant was proper.

Appellant's reliance on *Consolidated Music Co. v. Morrison* (1916) 30 Cal.App. 303 (*Consolidated Music*) and *Benham*, *supra*, 113 Cal. 168 is misplaced. In *Consolidated Music*, the plaintiff's verified complaint sought the recovery of a musical instrument. (30 Cal.App. at p. 303.) When the defendant filed only unverified answers, the plaintiff requested judgment on the pleadings; the defendant responded with a cross-motion for judgment on the pleadings, contending that the complaint stated no cause of action. (*Id*. at p. 304.) The trial

11

court denied the defendant's motion, granted the plaintiff's motion, and entered judgment in the plaintiff's favor. (*Ibid*). In affirming the judgment, the appellate court determined that the defendant's motion for judgment on the pleadings had been properly denied because the complaint stated a cause of action. (*Ibid*.) The court further concluded that the plaintiff was entitled to judgment on the pleadings, as the answer was unverified and the complaint "stated facts sufficient . . . to constitute a cause of action." (*Ibid*.) *Consolidated Music* thus expressly reflects the requirement described above, namely, that judgment on the pleadings in the plaintiff's favor is proper only when the complaint states a legally cognizable claim.

In *Benham*, the plaintiff's verified complaint contained claims for recovery on three negotiable promissory notes. (*Benham, supra,* 113 Cal. at pp. 170-171.) The complaint set forth each note, and alleged that they had been assigned to the plaintiff after the defendant had executed them. (*Id*. at p. 170.) When the defendant filed an unverified answer, the plaintiff filed motions for judgment on the pleadings and to strike the answer. (*Ibid*.) In response, the defendant attempted -- unsuccessfully -- to file a verified amended answer that asserted counterclaims and defenses, but did not deny the complaint's allegations. (*Ibid*.) After the trial court granted the plaintiff judgment on the pleadings, our Supreme Court affirmed, reasoning that the unverified answer could not bar the judgment, and that the unfiled verified answer stated no complete defense or valid counterclaim. (*Ibid*.) Although the court did not expressly discuss whether the complaint stated colorable claims, the court's description of the complaint clearly manifested its adequacy. Accordingly, *Benham* cannot be regarded as rejecting that requirement. (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 127 [decisions are not authority for proposition not considered].) In sum,

12

appellant was not entitled to a judgment in his favor as a matter of law simply because respondents filed an unverified answer.

C. *No Reversible Defect in Respondents' Motion*

Appellant maintains the trial court improperly granted respondents' motion for judgment on the pleading because it was procedurally defective in several ways. It is unnecessary for us to address his contentions, however, as procedural defects in respondents' motion would not require the reversal of the judgment. Although the court entered judgment against appellant on the basis of respondents' motion for judgment on the pleadings, the court could have done so on its own motion.

Section 438 not only authorizes motions for judgment on the pleadings by the parties, but permits the trial court to grant judgment on the pleadings on its own motion against the plaintiff when "[t]he complaint does not state facts sufficient to constitute a cause of action . . . ." (§ 438, subds. (b)(2), (C)(3)(ii).) Accordingly, even when the defendant does not seek judgment on the pleadings, the court may enter a judgment against the plaintiff if the facts alleged in the complaint or subject to judicial notice establish that the complaint states no claim, provided the plaintiff has adequate warning and an opportunity to present arguments or propose amendments. (*Jayasinghe v. Lee* (1993) 13 Cal.App.4th Supp. 33, Supp. 36-38.) As respondents' motion for judgment on the pleadings effectively satisfied those requirements, the entry of judgment against appellant cannot be regarded as erroneous.

Furthermore, we would reject appellant's contentions were we to examine them. To begin, appellant argues that respondents' May 24, 2013 motion was untimely, pointing to subdivision (e) of section 438, which specifies certain

13

deadlines for the filing of motions for judgment on the pleadings "unless the court otherwise permits."[5] However, appellant's contention fails on the limited record before us, which shows only that respondents' counsel, in replying to the contention before the trial court, submitted a declaration stating that the court had effectively authorized the filing of the May 24, 2013 motion at the April 11, 2013 case management conference. Appellant submitted no evidence supporting the contrary position. Because the trial court granted respondents' motion, it must be regarded as having permitted its filing.

Appellant also maintains that respondents' motion contravened subdivision (f)(2) of section 438, which provides that a defendant may assert a motion for judgment on the pleadings "only after [¶] . . . [¶] . . . the defendant has already filed his or her answer to the complaint and the time for the defendant to demur to the complaint has expired." The crux of his argument is that an unverified answer does not constitute an "answer," for purposes of that statutory requirement.

We reject appellant's contention, as it advocates an unreasonable interpretation of the statute. (*California Horse Racing Bd. v. Workers' Comp. Appeals Bd.* (2007) 153 Cal.App.4th 1169, 1176.) Subdivision (f)(1) of section 438 imposes a similar requirement on a *plaintiff's* motion for judgment on the pleadings, as it states that such a motion is properly made "only after [¶] . . . [¶] . . . *the defendant has already filed his or her answer to the complaint* and the time for the plaintiff to demur to the answer has expired" (italics added). Under appellant's interpretation, he himself would have been barred from seeking judgment on the pleadings following respondents' filing of an unverified answer.

___

[5] Subdivision (e) of section 438 provides: "No motion may be made pursuant to this section if a pretrial conference order has been entered . . . , or within 30 days of the date the action is initially set for trial, whichever is later, unless the court otherwise permits."

14

We decline to adopt such an interpretation. In sum, appellant has failed to show that the trial court erred in granting respondents' motion.[6]

D. *No Error Regarding Judicial Notice*

Appellant maintains the trial court erred in taking judicial notice of contents of the recorded instruments submitted by respondents. We need not address that contention, as it is irrelevant to one of the fatal defects that the trial court found in the complaint, namely, that appellant's claims were time-barred. According to his complaint, the foreclosure sale of which appellant complains occurred more than four years before he initiated the instant suit.

Moreover, we would reject the contention even were we to examine it. Judicial notice of recorded instruments and court records is proper for limited purposes. Generally, a matter is subject to judicial notice only if it is "reasonably beyond dispute." (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113.) Thus, in ruling on a demurrer, a trial court may properly

---

[6] In a related contention, appellant maintains that the trial court improperly deferred its ruling on his motions until June 20, 2013, when it granted respondents' motion for judgment on the pleadings and determined that appellant's motions were moot. However, his contention fails on the limited record before us.

On appeal, "'[a] judgment or order of the lower court is presumed correct,'" and thus, "'error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics deleted, quoting 3 Witkin, Cal. Procedure (1954) Appeal, § 79, pp. 2238-2239.) Here, the record discloses only an April 9, 2013 court docket entry stating that appellant's motion for judgment on the pleadings had been reassigned to a new judge, "[a]dvanced . . . [, and v]acated." Although the meaning of the entry is not transparent, the effect of the underlying ruling was to continue the hearing on appellant's motion to June 20, 2013, when the court found that appellant had not properly calendared his motion. In view of the evidence in the record that appellant failed to serve his motion on respondents, the court properly could have deferred ruling on the motion until
*(Fn. continued on next page.)*

15

take judicial notice of matters only when "'there is not or cannot be a factual dispute'" regarding them. (*Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 375, quoting *Cruz v. County of Los Angeles* (1985) 173 Cal.App.3d 1131, 1134.) Under that principle, "a court may take judicial notice of the fact of a document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity. From this, the court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 265.)

Here, appellant has never disputed the authenticity of the pertinent recorded instruments. The trial court thus properly took judicial notice of the facts establishing the "legal effect" of the recorded documents, including the October 2012 quitclaim deed, which reflected a transfer of an undivided 75 percent interest in the property from Lyons to appellant, years after the August 2008 foreclosure sale.

Relying on *Herrera v. Deutsche Bank National Trust Co.* (2011) 196 Cal.App.4th 1366, 1375 (*Herrera*), appellant argues that the contents of the pertinent recorded instruments constituted hearsay not subject to judicial notice. We disagree. In *Herrera*, the plaintiffs bought a property at a foreclosure sale in 2008, unaware that it was subject to a trust deed executed in 2003. (*Id.* at pp. 1369-1370.) In 2009, the trustee regarding that deed sold the property at a foreclosure sale. (*Ibid.*) When the plaintiffs sued the trustee and a lender to set

respondents had an adequate opportunity to oppose it. (*In re Marriage of Hoffmeister* (1984) 161 Cal.App.3d 1163, 1168.)

16

aside the sale, the trustee and lender sought summary judgment. (*Id*. at p. 1373.) To secure summary judgment, they asked the court to take judicial notice of certain instruments executed and recorded in 2009 to establish that they were the then-current trustee and beneficiary under the 2003 trust deed. (*Id*. at pp. 1373-1375.) The appellate court found that the trial court had erred in doing so, reasoning that statements regarding the legal status of the defendants set forth in the instruments were hearsay, as the 2009 instruments did not fully show the relevant transfers of interests following execution of the 2003 trust deed. (*Id*. at p. 1375.) In contrast, appellant has never denied that the 2012 quitclaim deed, by itself, constitutes the relevant transfer of interest (if any) from Lyons to appellant, and his own complaint alleges that the foreclosure sale of which he complains occurred years before, in 2008. In sum, for multiple reasons, appellant's complaint failed to state a legally cognizable claim. Accordingly, the trial court did not err in dismissing it without leave to amend.

## DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.